IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LAQUITA BYRD and MARCUS BYRD,    )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )        No. 24-cv-2043-SHM-tmp
                                 )
FLOYD BONNER, KIRK FIELDS,       )
and SHELBY COUNTY,               )
                                 )
     Defendants.                 )
                                 )
_____

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO EXCLUDE
_____

     Before the court by order of reference is Plaintiffs Laquita
and Marcus Byrd's Motion to Exclude the Declaration of Annette
Cotton. (ECF No. 64.) For the following reasons, the motion is
GRANTED in part and DENIED in part.

## I.    BACKGROUND

     This § 1983 case, filed on January 24, 2024, stems from an
inmate-on-inmate assault, which occurred outside a criminal
courtroom. (ECF No. 70 at PageID 926.) On August 18, 2024, the
case was dismissed as to Defendants Bonner and Fields. (ECF No.
37.) The case proceeded to discovery, which concluded on July 22,
2025. (ECF No. 44). On August 21, 2025, both remaining parties
filed cross-motions for summary judgment. (ECF Nos. 59, 61).
Defendant Shelby County's motion includes the declarations of

three Shelby County Sheriff's Office employees: Annette Cotton, Dallas Lavergne, and Alisa Styles. (ECF Nos. 61-3 at PageID 730-33, 61-4 at PageID 787-788, 61-5 at PageID 789-91.) Lieutenant Cotton's declaration purports to summarize certain portions of the Bureau of Professional Standards and Integrity investigation report ("BPSI report") regarding the assault, which report both parties rely on in their motions for summary judgment. (ECF No. 61-3 at PageID 730-33.) Attached to her declaration is the BPSI report, as well as witness statements. (Id. at PageID 734-786.) In the last two paragraphs of her declaration (paragraphs 18 and 19, which do not have citations to the BPSI report), Cotton purports to provide facts based on deposition testimony from two officers referred to in Plaintiffs' motion for summary judgment. (ECF No. 70 at PageID 929 n.1.) According to Defendant, Cotton's declaration provides no information based on her own personal knowledge. (Id. at PageID 928.)

Plaintiffs' motion seeks to exclude Cotton's declaration from consideration at summary judgment. (ECF No. 64 at PageID 825, 833.) They argue that Cotton was not disclosed as a witness during discovery and that pursuant to Federal Rule of Civil Procedure 37, her declaration should be excluded. (Id. at PageID 830.) They also argue that Cotton's declaration consists entirely of hearsay, is inadmissible lay opinion evidence due to her lack of personal knowledge, and is an improper attempt by Defendant to offer an

- 2 -

untimely expert opinion under Rule 26(a)(2). (Id. at PageID 832.) At the conclusion of their motion, Plaintiffs make a passing request to exclude Cotton from testifying at trial as well. (Id. at PageID 833.)

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 26(a)(1) governs the pretrial disclosure of individuals who are likely to have discoverable information. Fed. R. Civ. P. 26(a)(1)(A)(i). It requires, among other things, the disclosing party to provide those individuals' names and the subject matter of their discoverable information. Id. Rule 26(e) states that a "party who has made a disclosure under Rule 26(a)-or who has responded to an interrogatory, request for production, or request for admission-must supplement or correct its disclosure or response" as they learn new or corrective information, or as the court orders. Fed. R. Civ. P. 26(e)(1). Rule 37(c)(1) provides for sanctions when a party fails to properly make disclosures under Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1). As such, if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Id. Alternatively or additionally, the court may choose to order payment of reasonable expenses, inform

the jury of the party's failure, and impose other sanctions as it deems appropriate. Id.

**B.    Exclusion as a Sanction Under Rule 37**

Plaintiffs argue that Cotton's declaration should be excluded under Rule 37. (ECF No. 64 at PageID 830.) They state that Cotton was not disclosed in either Defendant's Rule 26(a) disclosures or Defendant's responses to Plaintiffs' interrogatories, which specifically requested that Defendant identify all of their witnesses. (Id. at PageID 826.) Plaintiffs assert that Defendant's generic, non-specific interrogatory response of "all individuals referred to in the BPSI reports" does not comply with the federal rules because it would require them to "comb through every document, identify every name, guess as to whether they have meaningful information, and then depose them even if [Defendant] omit[ted] them from a lengthy list of witnesses." (Id. at PageID 829-30.) They argue that the "last-minute" declarations of undisclosed witnesses should be excluded unless the discovery violations are found to be harmless or substantially justified. (Id. at PageID 830 (citing Sexton v. Uniroyal Chem. Co., Inc., 62 F. App'x 615 (6th Cir. 2003)).)

Defendant responds by claiming that they did identify Cotton as a witness in their initial disclosures by referring to "[a]ll individuals identified in the relevant BPSI investigation reports" and "[a]ny other custodian of records necessary to authenticate

- 4 -

admissible records in possession or control of Shelby County."
(ECF No. 70 at PageID 928 (emphasis omitted).) They state that the
BPSI report and related investigative materials, in which Cotton's
name is apparently mentioned several times, were produced during
discovery. (Id.) Defendant further argues that even if they did
not properly disclose Cotton as a witness, such a failure is
harmless because her declaration simply summarizes materials that
were produced in discovery and relied upon by Plaintiffs in their
own motion for summary judgment. (Id. at PageID 929.)

The court first considers whether Cotton was properly
disclosed as required by Rule 26(a) and Rule 33. Defendant
obviously knew about Cotton from the outset of this litigation and
should have identified her in their Rule 26(a)(1) initial
disclosures and as a witness in their interrogatory responses.
Defendant's non-specific reference to "[a]ll individuals
identified in the relevant BPSI investigation reports" does not
comply with the federal rules. See Wharton v. Preslin, No. 2:07-
CV-1258, 2009 WL 1850085, at *4 (S.D. Ohio June 26, 2009). And
while the reference to "[a]ny other custodian of records necessary
to authenticate admissible records in possession or control of
Shelby County" could be, depending on the circumstances,
sufficient to disclose a records custodian witness, Cotton's
declaration is not being offered for that purpose.

- 5 -

Having found that the Defendant did not properly disclose Cotton, the court next looks to the Sixth Circuit's <u>Howe</u> multi-factor test to determine if the Defendant's failure to disclose was substantially justified or harmless. The <u>Howe</u> factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

<u>RJ Control Consultants, Inc. v. Multiject, LLC</u>, 100 F.4th 659, 668-69 (6th Cir. 2024) (quoting <u>Howe v. City of Akron</u>, 801 F.3d 718, 748 (6th Cir. 2015)). "District courts have broad discretion in applying the <u>Howe</u> factors and 'need not apply each one rigidly.'" <u>Hamood v. Arab Cmty. Ctr. for Econ. and Soc. Servs.</u>, No. 23-CV-10270, 2026 WL 147431, at *4 (E.D. Mich. Jan. 20, 2026) (citing <u>Bisig v. Time Warner Cable, Inc.</u>, 940 F.3d 205, 219 (6th Cir. 2019)).

Applying the <u>Howe</u> factors, the court finds that Defendant's failure to disclose Cotton was neither substantially justified nor harmless. Plaintiffs did not have notice that Defendant would rely on Cotton to support their summary judgment motion, discovery has closed and both parties have fully briefed their cross-motions for summary judgment, and Defendant's justification for their failure to disclose Cotton is unpersuasive. As for the importance of the evidence, the court finds that this factor also weighs in favor of

excluding her declaration. As Defendant concedes, the statements contained in the declaration are not based on Cotton's personal knowledge, but instead are based on information contained in the BPSI report and deposition testimony of two officers. The BPSI report and deposition testimony speak for themselves, and thus Cotton's recounting of certain portions of that evidence would appear to be, at most, of minimal importance. Thus, the request to exclude Cotton's declaration from consideration at summary judgment is GRANTED.

However, as to Plaintiffs' passing request to also exclude Cotton as a witness at trial, that relief is DENIED at this time. Plaintiffs' motion, which is styled as a "Motion to Exclude the Declaration of Annette Cotton," does not specifically address why Cotton should be excluded as a witness at trial. Indeed, at this time, it is unclear whether Defendant will even call her as a trial witness. Plaintiffs may renew their motion to exclude her as a trial witness after the court rules on the cross-motions for summary judgment.

### III. CONCLUSION

For the reasons above, Plaintiffs' Motion to Exclude the Declaration of Annette Cotton is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

s/ Tu M. Pham
_____

```
TU M. PHAM
Chief United States Magistrate Judge

February 5, 2026
Date
```